**David H. MCCALLISTER, Plaintiff-Appellant**

v.

**Lorie DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Defendant-Appellee**

No. 16-50233
Summary Calendar

United States Court of Appeals, Fifth Circuit.

Filed February 22, 2018

David H. McCallister, Pro Se

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM: *

David H. McCallister, Texas prisoner # 1666170, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint "pursuant to [28 U.S.C.] §§ 1915(e)(2)(B)(i)-(iii) and 1915A(b)(1)-(2)." A civil rights complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks and citation omitted). A claim is facially plausible if the plaintiff alleges facts that, accepted as true, allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

McCallister maintains that the opinion of the district court should be reversed because he never consented to the magistrate judge's participation in the case under Federal Rule of Civil Procedure 73. Rule 73(b) provides a procedure by which the parties to litigation may consent to having their case referred to a magistrate judge to conduct a civil action. However, the magistrate judge in the instant case did not resolve the case, but merely ordered McCallister to file a motion to proceed in forma pauperis and an amended complaint, which was permissible without consent from the parties. *See* 28 U.S.C. § 636(b)(1)(A).

The district court concluded that McCallister had failed to show that the only defendant named in the original complaint, the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), was personally involved in his claims of a denial of medical or dental care or his challenges to the conditions of his prison confinement. In addition, the district court determined that McCallister's claims were vague and conclusional and that claims against the TDCJ Director were barred by the Eleventh Amendment. To the extent that McCallister alleged that the TDCJ Director should be held liable for the wrongful acts of his employees, the district court correctly found that a defendant must be personally involved in the deprivation of rights. *See James v. Texas Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008); *see also Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 286 (5th Cir. 2002) (stating that supervisory officials are not subject to respondeat superior liability under § 1983). Moreover, a state official is immune under the Eleventh Amendment

---

from payment of money damages when he or she is sued in an official capacity. *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

However, the district court's order incorrectly stated that McCallister had failed to file an amended complaint. In fact, he had filed a motion for leave to amend in which he added more detail to his original allegations, sought to add as defendants the medical and dental directors of the University of Texas Medical Branch (UTMB), and maintained that the TDCJ and UTMB directors had enacted policies evincing deliberate indifference to his medical and dental needs. Although the district court referenced this proposed amended complaint in a later order denying leave to appeal in forma pauperis, the district court analyzed the amended complaint in passing and only as to the original defendant, Stephens. We conclude, therefore, that the dismissal order should be vacated and the case remanded to allow full consideration of the proposed amended complaint's allegations in the first instance by the district court.

We express no opinion as to the merits of these claims. However, the district court is in a better position to consider the merits and validity of McCallister's allegations in the first instance. Accordingly, the judgment of the district court is VACATED, and the case is remanded for proceedings consistent herewith. McCallister's motion for appointment of counsel is DENIED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.